UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKY PILA PATU,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SHERYL ALBERT, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. C17-1612-RSM-MAT<br><br>REPORT AND RECOMMENDATION |

Plaintiff Ricky Patu is a state prisoner who is currently confined at the Monroe Correctional Complex (MCC) – Special Offender Unit (SOU). On October 30, 2017, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 in which he alleges that Sheryl Albert, an Advanced Registered Nurse Practitioner at MCC, and other "Miscellaneous Nurses," violated his Eighth Amendment rights when they denied his request to see a "stomach specialist" for his chronic constipation and when they failed to give him his Metamucil "several times." (Dkt. 1.) Plaintiff subsequently submitted multiple applications to proceed with this action *in forma pauperis*. (*See* Dkts. 9, 10, 11 and 12[1].)

---

[1] Attached to plaintiff's fourth application for leave to proceed *in forma pauperis*, the application received on December 7, 2017 (Dkt. 12), was another civil rights complaint asserting claims unrelated to those asserted in the complaint filed in this action. It is not clear why plaintiff submitted the unrelated complaint here, and the Court will

REPORT AND RECOMMENDATION
PAGE - 1

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he or she has, on three or more prior occasions, brought civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. This Court's records reflect that plaintiff has filed at least three prior civil actions, *in forma pauperis*, which were dismissed for failure to state a claim upon which relief may be granted. *See Patu v. Hutchins*, C15-720-BJR (dismissed December 17, 2015); *Patu v. Bennett*, C15-0775-JCC (dismissed September 9, 2015); *Patu v. Albert*, C15-0722-RSM (dismissed July 17, 2015); *Patu v. Lee*, C15-5332-RJB (dismissed June 29, 2015); and, *Patu v. Allbert*, C14-0765-MJP (dismissed September 2, 2014). Accordingly, plaintiff may not proceed with this action without prepayment of the full filing fee unless he shows that he was "under imminent danger of serious physical injury" at the time he signed his pleading. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

Plaintiff does not assert in his complaint that he is under imminent danger of serious physical injury. Plaintiff does assert that he has been suffering from chronic constipation for eleven years, and that this condition causes him pain and discomfort, as well as loss of appetite, but such assertions are insufficient to satisfy the imminent danger exception. The Court notes that plaintiff has litigated, or attempted to litigate, issues surrounding his chronic constipation on previous occasions, and that the Eighth Amendment claim asserted in this action is similar to a claim asserted by plaintiff in a prior action which was dismissed on summary judgment. *See Patu*

---

therefore disregard it. Plaintiff submitted the same complaint four days later, independent of any documents related to this case, and that complaint will be opened as a new action.

REPORT AND RECOMMENDATION
PAGE - 2

*v. Albert*, C15-721-JLR, Dkts. 32 and 36. The Court notes as well that plaintiff submitted in support of his complaint a Health Services Kite which appears to indicate that plaintiff has, in fact, been seen by a "stomach specialist" which undermines plaintiff's claim that defendants have denied him such relief. (*See* Dkt. 1-1 at 3.) Given these circumstances, this Court concludes that plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

Accordingly, this Court recommends that plaintiff's applications to proceed *in forma pauperis* be denied. This Court further recommends that plaintiff be directed to pay the filing fee within thirty days of the date on which this Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 26, 2018**.

DATED this 4th day of January, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3